J-S49016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SIMEON SPENCE | |
| Appellant | No. 2905 EDA 2013 |

Appeal from the PCRA Order September 3, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009338-2009

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 22, 2015**

Simeon Spence appeals *pro se* from the Montgomery County Court of Common Pleas' order dated September 3, 2013, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] without conducting an evidentiary hearing.  On appeal, Spence seeks relief from the April 19, 2011, judgment of sentence of an aggregate term of eight to 19 years' imprisonment, after he was found guilty by a jury of corrupt organizations,[2] conspiracy to commit corrupt organizations,[3] and two counts of possession

_____

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S § 911(b)(2).

[3]  18 Pa.C.S § 911(b)(4).

with intent to deliver ("PWID"),[4] criminal conspiracy to violate the Controlled Substance, Drug, Device and Cosmetic Act,[5] criminal attempt to commit PWID,[6] two counts of possession,[7] and three counts of criminal use of communications facility.[8] On appeal, Spence raises five issues asserting trial court error, trial counsel's ineffectiveness, and appellate counsel's ineffectiveness. Also before this Court are an Application for Remand Pursuant to Pa.R.A.P. 123, and a Post-Submission Communication. For the reasons set forth below, we affirm the PCRA court's order and deny both the application for remand and post-submission communication.

Spence's convictions arose from his involvement in a cocaine trafficking ring in Norristown, Pennsylvania, which was headed by Dontay Brewer, and which stored a large quantity of drugs at Craig Cole's house.[9] Spence was characterized as a street-level drug dealer. Spence appealed his judgment of sentence, which was affirmed on May 24, 2012, and his

---

[4] 35 P.S. § 780-113(a)(30).

[5] 18 Pa.C.S. § 903, 35 P.S. § 780-113(a)(30).

[6] 18 Pa.C.S. § 901, 35 P.S. § 780-113(a)(30).

[7] 35 P.S. § 780-113(a)(16).

[8] 18 Pa.C.S. § 7512.

[9] Spence was tried jointly with his co-defendant, Brewer. The facts underlying Spence's convictions are set forth in detail in the trial court's July 15, 2011, opinion, which was entered and adopted by a panel of this Court on Spence's direct appeal. *See* Trial Court Opinion, 7/15/2011, at 2-5.

petition for allowance of appeal was denied on January 10, 2013. ***Commonwealth v. Spence***, 50 A.3d 250 [1177 EDA 2011] (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 62 A.3d 379 (Pa. 2013).

On April 10, 2013, Spence filed a *pro se* PCRA petition, raising multiple issues relating to the sufficiency of the evidence, trial court error regarding jury instructions, and the denial of effective assistance of trial counsel. The court appointed counsel, who subsequently filed a petition to withdraw, and included therein a no-merit letter under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). ***See*** Petition for Leave of Court to Withdraw as PCRA Counsel, 8/19/2013. The no-merit letter, dated August 16, 2013, detailed why the issues in Spence's *pro se* petition were entirely without merit. The PCRA court granted counsel's motion to withdraw and entered a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing on August 22, 2013.

Spence then filed a *pro se* response on August 28, 2013, alleging that PCRA counsel never contacted him to discuss the claims made in the petition and never provided him with a copy of the "no-merit" letter and motion to withdraw. On September 3, 2013, the PCRA court dismissed Spence's petition, stating:

> After this Court's independent review of the record and consideration of [Spence]'s response to the notice of intent to dismiss; and

> For all the reasons set forth in the court-appointed "no merit" letter, we conclude that [Spence]'s PCRA Petition is devoid of merit and that no purpose would be served by any further proceedings[.]

Order Sur Defendant's Motion under Post-Conviction Relief Act, 9/3/2013.[10]

This *pro se* appeal followed.[11]

Initially, we must determine whether the present appeal is timely. The order from which Spence appeals was dated September 3, 2013, and docketed on the following day. Spence is incarcerated, and his notice of appeal was docketed on October 22, 2013, which was well past the 30-day appeal period. **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken."). Generally, "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3).

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **See generally, Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super

---

[10] Counsel filed a second petition to withdraw, which the PCRA court dismissed as moot in its September 12, 2013, order.

[11] On October 2, 2013, the PCRA court ordered Spence to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Spence filed a concise statement on October 17, 2013. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 20, 2013.

2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Commonwealth v. Perez*, 799 A.2d 848 (Pa. Super. 2002) (documentation required to support when notice of appeal was placed in the hands of prison authorities for filing).

Here, Spence dated the notice of appeal on September 30, 2013, and the postmark attached to the notice of appeal is dated the same day. Based on the record, and applying the "prisoner mailbox rule," we conclude that Spence has provided sufficient proof that he filed a timely notice of appeal on September 30, 2013. We will now turn to the merits of Spence's arguments.

Spence raises the following five questions for our review:

1. Did the trial court err in determining that the claim that relates to the sufficiency of the evidence had been previously litigated thereby precluding PCRA relief?

2. Was trial counsel ineffective in failing to request written instructions be provided to the jury and did the trial court abuse it's [sic] discretion and commit a plain error by not providing written instructions when the jury specifically requested they be provided with written instructions?

3. Did [the] trial court render an ineffective assistance of counsel by failing to subpoena Craig Cole to testify given that his sworn affidavit was not permitted to be presented to the jury?

4. Was appellate counsel ineffective in failing to present a substantive argument regarding the sufficiency claim and by failing to pursue appellate review of trial counsel's failures as they relate to the jury instruction claim and the failure to subpoena Cr[ai]g Cole?

5.    Was Court appointed PCRA counsel ineffective [in] investigating the claims made in the pro se PCRA Petition, contact or interview [Spence], investigate the Cole affidavit, or amend the Petition in any way?

Spence's Brief at 6.

We begin with our well-settled standard of review:  "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the evidence and free of legal error."  **Commonwealth v. Thomas**, 44 A.3d 12, 16 (Pa. 2012) (citation omitted).

To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances set forth at 42 Pa.C.S. § 9543(a)(2) (including the ineffective assistance of counsel).  Additionally, the petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. **Id.** § 9543(a)(3).  An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue."  **Id.** § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."  **Id.** § 9544(b).

**Commonwealth v. Elliott**, 80 A.3d 415, 426-427 (Pa. 2013).[12]

Based on the nature of his claims, Spence's first and fourth issues are interrelated and, therefore, we will address them together.  In his first issue, Spence claims the PCRA court erred in determining that his sufficiency

---

[12]  Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant."  **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005).

argument had been "previously litigated," thereby precluding PCRA relief. Spence's Brief at 6, 9. However, a closer look at his argument reveals that the crux of his claim is directed at PCRA counsel's ineffectiveness in failing to advance Spence's sufficiency claim in "legally acceptable terms." *Id.* at 10. For that reason, Spence contends the issue was not previously litigated. *Id.* He states "it is simply untrue that the trial court[] set for[th] 'an accurate assessment' of the evidence" in its July 15, 2011, direct appeal opinion because the court's analysis included a determination that there was sufficient evidence to support a conviction for PWID, relating to a crime that occurred on October 16, 2009, when the jury specifically found him not guilty of that crime on that date. *Id.* at 11. He avers that PCRA counsel should have objected to such a finding. *Id.* at 12. In Spence's fourth issue, he again reiterates his argument that counsel was ineffective for failing to advance his sufficiency claim with "relevant litigation" and "case citations." *Id.* at 16-17.

With respect to a claim of ineffective assistance of counsel, we are guided by the following:

> It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue

has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

*Elliott*, 80 A.3d at 426.

A review of the record reveals the following. The jury found Spence guilty of PWID for events that took place on October 11, 2009 and October 19, 2009, but not guilty of PWID for a crime that occurred on October 16, 2009. *See* N.T., 1/27/2011, at 142-143. The court only sentenced Spence on two PWID convictions. *See* N.T., 4/17/2011, at 13. However, in the court's July 15, 2011, opinion, which addresses Spence's direct appeal claims, the court found there was sufficient evidence to support a conviction for the October 16, 2009, crime. *See* Trial Court Opinion, 7/15/2011, at 16-17.

Nevertheless, the court's misstatement had no effect on Spence because he was only convicted and sentenced for the two PWID crimes, and not for the crime that took place on October 16, 2009. As such, Spence has failed to demonstrate the "prejudice" prong of the *Strickland*/*Pierce* test. *See Elliott*, 80 A.3d at 426. Accordingly, Spence's first and fourth issues do not merit relief.

In Spence's second argument, he claims trial counsel was ineffective by not requesting that the jury be provided with written instructions and the trial court erred in failing to provide such instructions when requested by the

- 8 -

jury. In support, he cites Pennsylvania Rule of Criminal Procedure 646.[13] Spence's Brief at 12. He states, "It is clear that in a multiple count indictment, an effective assistance of counsel would have included requesting written instructions of the elements of the offenses be provided to jury." *Id.* Spence alleges that because the jury requested written jury instructions, "they did not understand the elements necessary to constitute an offense[.]" *Id.* at 13. Moreover, he contends "the trial judge abused his

---

[13] Rule 646 provides, in relevant part:

> (B) The trial judge **may permit** the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> (1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.
>
> (2) The judge shall instruct the jury about the use of the written charge. At a minimum, the judge shall instruct the jurors that
>
> > (a) the entire charge, written and oral, shall be given equal weight; and
> >
> > (b) the jury may submit questions regarding any portion of the charge.

Pa.R.Crim.P. 646 (emphasis added).

discretion by failing to provide[] a written description of the charges as requested by the jury." *Id.* at 14.

To the extent that Spence argues the trial court erred in failing to provide the jury with written instructions, we note this issue should have been raised during Spence's direct appeal, but he did not do so. As such, it is deemed waived under the PCRA. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").[14]

Furthermore, with respect to Spence's argument regarding counsel's ineffectiveness, a review of Spence's brief reveals that he fails to develop any discussion regarding the three prongs of the ineffective test. *See* Spence's Brief at 12-15; *see also Elliott*, 80 A.3d at 426. Moreover, as the PCRA court properly analyzed:

> In this case, at the start of jury deliberations this Court alerted defense counsel to Pa.R.Crim.P. 646, stating that th[e] rule allows a trial court to provide the jury with written instructions during their deliberations. This Court at that time stated that it would leave it up to counsel whether to request that or leave it for the Court to reread … any jury instructions that the jury had a question about. During deliberations, the

---

[14] Moreover, "[i]n order to be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S. § 9543(a)(2)[.]" *Commonwealth v. Smith*, 17 A.3d 873, 882 (Pa. 2011). Spence has not pled that the trial court's error with respect to the jury instruction falls under one of those enumerated provisions.

jury came back with the question of whether they would be able to get a written description of what constitutes each charge. The Court declined to do so, answering the jury that it was not possible at that time due to that most of the charge was handwritten and not in a form ready to be sent out with the jury. The jury did come back later with a request for clarification on corrupt organizations, conspiracy to commit corrupt organizations and conspiracy to violate the Drug Act. The Court reread those portions of the jury charge.

While it is true that trial counsel did not request that the jury be provided with the written jury instructions, [Spence] cannot show that the failure to do so caused actual prejudice, *i.e.*, that there is a reasonable probability that counsel's actions affected the outcome of the proceedings. Here, the jury came back several times with various questions and in particular questions concerning certain portions of the charge. The jury was conscientious in following the Court's instructions and asked questions when they were uncertain. [Spence] has not shown but for trial counsel's failure to request that the written jury instructions be sent out with the jury during deliberations that the result of the trial would have been different. Therefore, this claim must be rejected.

PCRA Court Opinion, 11/20/2013, at unnumbered 7-8 (record citations omitted). We agree with the court's determination, and conclude that Spence's second claim is unavailing.

Next, Spence argues trial counsel was ineffective for failing to subpoena a witness, Craig Cole, to testify because his sworn affidavit was not permitted to be presented to the jury. Spence's Brief at 15. Without any description of what the witness would have testified to, Spence states: "It is clear in the case at bar that [the ] witness testimony … would exonerate [Spence and] would have changed the outcome of the trial.

- 11 -

Indeed this exculpatory witness testimony would be the only direct evidence applicable to [Spence] in the entire trial." *Id.* at 16.

Before we may address the merits of this claim, we must determine whether Spence has failed to properly preserve the claim, as indicated by the PCRA court. *See* PCRA Court Opinion, 11/20/2013, at unnumbered 9 ([T]his is the first time [Spence] has raised this issue."). A review of the record reveals that this claim was not raised in Spence's *pro se* PCRA petition. Because he raised this issue for the first time on appeal, it is waived. *See* 42 Pa.C.S. § 9544(b); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Williams*, 899 A.2d 1060, 1066 n. 5 (Pa. 2006) (waiving issues appellant did not raise in PCRA petition). Accordingly, we need not address the argument further.

Lastly, in Spence's fifth claim, he asserts PCRA counsel rendered ineffective assistance of counsel in failing to do the following: (1) contact him prior to requesting to withdraw; (2) amend the PCRA petition; and (3) thoroughly investigate the claims made therein. Spence's Brief at 17. He states that counsel failed to amend the *pro se* petition in any way and failed to forward him a copy of the *Turner/Finley* "no-merit" letter. *Id.* at 18. Moreover, Spence alleges that PCRA counsel did not contact him prior to September 4, 2013, despite sending several letters requesting that "PCRA counsel engage in a dialogue regarding the issues." *Id.* at 19. Additionally,

he argues the PCRA court erred in finding his ineffective assistance of PCRA counsel claim waived for failing to raise the claim in his response to the Rule 907 notice because "it is unreasonable to demand that [Spence] raise claims of PCRA counsel's ineffectiveness in the Response given the 'no merit' letter was not filed contemporaneously but rather, after the Response was drafted and the PCRA [petition] dismissed." *Id.* at 21.

The record reveals that counsel served the petition to withdraw and *Turner*/*Finley* "no-merit"letter on Spence. *See* Petition for Leave of Court to Withdraw as PCRA Counsel, 8/19/2013 ("Certificate of Service"). In its September 3, 2013, order, that denied Spence PCRA relief, the PCRA court accepted this documentation as sufficient evidence of service. *See* Order Sur Defendant's Motion under Post-Conviction Relief Act, 9/3/2013. Moreover, it bears mentioning PCRA counsel did write an eight-page "no merit" letter, thoroughly addressing all of the claims Spence asserted in his *pro se* PCRA petition and accompanying memorandum. *See* Petition for Leave of Court to Withdraw as PCRA Counsel, 8/20/2013 (Exhibit A, 8/16/2013 *Turner*/*Finley* Letter). Furthermore, we note Spence does not set forth what issues, besides his prior sufficiency argument, that he wanted counsel to include in an amended PCRA petition.[15] Likewise, other than bald assertions, Spence does not discuss how he was prejudiced by PCRA

---

[15] As discussed above, his sufficiency argument provides him no relief.

- 13 -

counsel's failure to amend his PCRA petition and he does not explain how the outcome of the proceedings would have been different if his counsel had amended the PCRA petition. ***See Commonwealth v. Lassen***, 659 A.2d 999, 1007 (Pa. Super. 1995) (holding that "[a]bstract allegations of ineffective assistance of counsel unsubstantiated by reference to specifics are not considered on appeal"); ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."). Therefore, Spence has not demonstrated the arguable merit or prejudice prongs of the ineffective assistance of counsel test, and accordingly, we find his final argument of PCRA counsel's ineffectiveness to be without merit.

We now turn to Spence's March 26, 2014, "Application for Remand Pursuant to Pa.R.A.P. 123," requesting that we remand the matter based upon newly discovered evidence in the form of an exculpatory sworn statement made by his co-defendant, Dontay Brewer. ***See*** Application for Remand Pursuant to Pa.R.A.P. 123, 3/26/2014. Based on our disposition that Spence's present PCRA petition was denied properly by the PCRA court, we deny his request to remand the matter without prejudice to raise this issue in a PCRA petition, should he so choose. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is

pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review…. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).").

Lastly, Spence filed a document with this Court, which he referred to a "post-submission communication." We reject his submission, as having been filed without application and/or permission. *See* Pa.R.A.P. 2501(a) ("After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument."); *Commonwealth v. Robinson*, 12 A.3d 477, 482 n.4 (Pa. Super. 2011).

Order affirmed. Application for Remand Pursuant to Pa.R.A.P. 123 denied without prejudice. Post-Submission Communication denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/22/2015</u>